## RAYMOND ARVIL MURPHY *v.* STATE OF MARYLAND

[No. 343, September Term, 1980.]

*Decided December 12, 1980.*

The cause was submitted on briefs to GILBERT, C. J., and THOMPSON and MOYLAN, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Victoria Salner Keating, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Ann E. Singleton, Assistant Attorney General, Peter C. Cobb, State's Attorney for Harford County,* and *John L. Dunnigan, Assistant State's Attorney for Harford County,* for appellee.

GILBERT, C. J., delivered the opinion of the Court.

In the law of evidence, a line as sharp as a razor's edge may separate evidence which is sufficient from evidence which is insufficient to prove the identity of a criminal defendant. Our task in this case is to hone the edge.

The precise problem of identification now before us had its roots in the events of October 21, 1979, when the appellant was stopped by Deputy J.R. Taylor of the Harford County Sheriff's Department for operating a motor vehicle with a "loud exhaust." At that time, the appellant failed to produce a driver's license and gave his name as "Arvil Raymond Murphy" when questioned by the deputy. Deputy Taylor proceeded to "run a check" on this name by means of the Sheriff's computer tie-in with the Motor Vehicle Administration (MVA). The "check" was unproductive. The appellant was, therefore, issued a citation for operating a motor vehicle without a driver's license. Subsequently, it was discovered that the appellant's true name was "Raymond Arvil Murphy," and that he had reversed his first and second names when he identified himself to the deputy. A second investigation was made through the MVA. It bore fruit. The driving record of "Raymond Arvil Murphy" showed that his license as an operator had been revoked since July 31, 1979. On the sole basis of this record, the appellant was convicted, in the Circuit Court for Harford

County (Close, J.), of driving while his license was suspended or revoked and was committed to the County Detention Center for one year.

The issue before us is the sufficiency of the driving record as evidence identifying the "Raymond Arvil Murphy" thereon as the "Raymond Arvil Murphy" charged. The trial judge's resolution of this issue was not clearly erroneous, Md. Rule 1086, and we, therefore, affirm.

Existing law states that "[e]ven if no witness physically identifies a defendant in the courtroom, identification by name is enough." *Sallie v. State,* 24 Md. App. 468, 482, 332 A.2d 316, 324 (1975). This is not, however, an unqualified position, as shown by the *Sallie* Court's quotation from 1 *Wharton's Criminal Evidence* § 103 (Torcia 13th ed. 1972), where it was said:

> "*Identical* names give rise to a *presumption* of identity of person. This presumption is slight when the name is common and there are many persons having the same name. It increases in strength with circumstances indicating the improbability of there being two persons of the same name at the same time and place, and where there is no evidence that there is any other person bearing that name. *Identity, then can be presumed from names coupled with other circumstances.*" *Sallie v. State, supra* at 482, 332 A.2d at 324. (Emphasis supplied.)

The evidence submitted must "show directly, or support a rational inference of, the facts to be established, or the inference supported, beyond a reasonable doubt or to a moral certainty...." *Vincent v. State,* 220 Md. 232, 237, 151 A.2d 898, 901 (1959). *See also James v. State,* 14 Md. App. 689, 288 A.2d 644 (1972); *King v. State,* 14 Md. App. 385, 287 A.2d 52 (1972).

In the instant matter, the names were both identical and uncommon. Additionally, the driving record at issue contained not only the appellant's full name, but his height, weight, race, and sex. Those characteristics were subject to

empirical confirmation at trial. We think these were sufficient "other circumstances" connected with appellant's name identification to have passed the threshold of the strict standard of proof set forth by *Vincent, James,* and *King, supra.*

Unquestionably, the better practice in this case would have been for the State to introduce, along with appellant's driving record, evidence of appellant's date of birth and residence. Such evidence would have facilitated the establishment of the identification of appellant beyond a reasonable doubt and quite possibly eliminated the necessity of this appeal.

*Judgment affirmed.*
*Costs to be paid by appellant.*